# United States Court of Appeals for the Fifth Circuit

---

No. 25-50371
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JORGE GALVAN-MARTINEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-1486-1

---

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Jorge Galvan-Martinez was indicted for conspiring to transport illegal aliens. He moved to suppress all evidence from the stop of his vehicle. The district court denied the motion, reasoning that the totality of the circumstances—including the proximity to the border, the characteristics of the area, the traffic patterns, the agent's experience, and recent illegal activity in the area—weighed in favor of finding that the Border Patrol agent had rea-

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

sonable suspicion to stop the vehicle. Galvan-Martinez entered a conditional guilty plea.

On appeal, Galvan-Martinez challenges the denial of his motion to suppress. We review the district court's factual findings for clear error, and its legal conclusions, including whether there was reasonable suspicion, are reviewed *de novo*. *United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015). In determining whether reasonable suspicion existed, we examine the totality of the circumstances and weigh the factors in *United States v. Brignoni-Ponce*, 422 U.S. 873, 884–85 (1975). *Cervantes*, 797 F.3d at 329. "No single factor is dispositive, and each case must be examined based on the totality of the circumstances known to the agents at the time of the stop and their experience in evaluating such circumstances." *United States v. Rangel-Portillo*, 586 F.3d 376, 380 (5th Cir. 2009) (internal quotation marks and citation omitted).

Galvan-Martinez fails to show that the district court erred by deciding that the laminated total of the relevant circumstances provided reasonable suspicion justifying the stop. *See United States v. Jacquinot*, 258 F.3d 423, 427–28 (5th Cir. 2001); *United States v. Zapata-Ibarra*, 212 F.3d 877, 881–84 (5th Cir. 2000).

AFFIRMED.